**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George John Sisemore,<br><br>              Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>              Defendant. | No. CV-18-03211-PHX-SMB<br><br>**ORDER** |

Pending before the Court is Plaintiff John Sisemore's Motion for Award of Attorney Fees as Authorized by the Equal Access to Justice Act (the "Motion"). (Doc. 25.) The Commissioner of the Social Security Administration (the "government") filed an Opposition to the Motion, (Doc. 27), and Plaintiff filed a Reply, (Doc. 30). Neither party requested oral argument, and the Court declines to hold oral argument, finding that it is unnecessary. *See* LRCiv. 7.2(f). The Court has considered the pleadings and the applicable law and now grants Plaintiff's Motion.

**I.   BACKGROUND**

On January 15, 2021, the Court issued an order reversing the ALJ's decision in this case and remanding the case to the ALJ for further proceedings. (Doc. 23.) In that order, the Court found that the ALJ erred by failing to provide specific, clear and convincing reasons supported by substantial evidence for rejecting Plaintiff's symptom testimony. (*Id.* at 9.) Accordingly, the Court reversed and remanded to the ALJ for further proceedings.

(*Id.*)

## II. LEGAL STANDARD

Under the Equal Access to Justice Act ("EAJA"),

> [A] court shall award to a prevailing party other than the United States fees and other expenses, …. incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). "The EAJA creates a presumption that fees will be awarded to the prevailing party." *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995), *as amended on denial of reh'g* (June 5, 1995). "However, Congress did not intend for fee shifting to be mandatory." *Id.* "To show substantial justification for her position, the Secretary has the burden of establishing that her conduct had 'a reasonable basis both in law and fact.'" *Id.* at 569–70 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The Ninth Circuit has been clear that when an agency's decision is unsupported by substantial evidence it is a strong indication that the position of the United States is not substantially justified. *Decker v. Berryhill*, 856 F.3d 659, 664 (9th Cir. 2017). However, courts in the Ninth Circuit have "never stated that *every* time a court reverses and remands the ALJ's decision for lack of substantial evidence the claimant should be awarded attorney's fees." *Id.* (quoting *Campbell v. Astrue*, 736 F.3d 867, 869 (9th Cir. 2013)). "The position of the United States includes both the government's litigation position and the underlying agency action giving rise to the civil action." *Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014) (quoting *Meier v. Colvin*, 727 F.3d 867, 869–70 (9th Cir. 2013)) (internal quotation marks omitted). Accordingly, if the government's underlying position was not substantially justified, a court must award fees and need not address whether the government's litigation position was justified. *Id.* Specifically, the government must show that its position, on which the district court based its remand, was substantially justified. *Lewis v. Barnhart*,

281 F.3d 1081, 1083 (9th Cir. 2002).

## III. DISCUSSION

### A. Substantial Justification

The Court reversed and remanded the case because it found that the ALJ failed to provide "specific, clear and convincing" reasons supported by substantial evidence for rejecting Plaintiff's symptom testimony. (Doc. 23 at 9.) Thus, to avoid paying attorney's fees under the EAJA, the government must show substantial justification for its position.

The government argues that reasonable minds could differ as to the sufficiency of detail provided by the ALJ in explaining her finding regarding Plaintiff's symptom testimony. (Doc. 27 at 6.) Although the government points out that the Court did not remand as to the first argument of error—that the ALJ erred by rejecting the assessment of Plaintiff's treating physician—but only the second argument of error, this contention is irrelevant. *See Lewis*, 281 F.3d at 1083; *see also Layton v. Comm'r of the Soc. Sec. Admin.*, No. CV 13-2635-PHX-MHB, 2017 WL 5158598, at *2 (D. Ariz. Nov. 7, 2017) ("When analyzing the government's position for substantial justification, the Court's inquiry should be focused on the issue that was the basis for remand and not the merits of Plaintiff's claim in its entirety or the ultimate disability determination."). Thus, the Court will focus only on whether the government has shown substantial justification for its position regarding whether the ALJ erred by rejecting Plaintiff's symptom testimony without specific, clear, and convincing reasons supported by substantial evidence in the record.

Here, the government has failed to show substantial justification for its position. As the Ninth Circuit has stated "it will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was revered as lacking in reasonable, substantial and probative evidence in the record." *Thangaraja v. Gonzalez*, 428 F.3d 870, 874 (9th Cir. 2005) (quoting *Al-Harbi v. INS*, 284 F.3d 1080, 1084 (9th Cir. 2002)) (internal quotation marks omitted). The government has not carried its burden or shown that this is a "decidedly unusual case." The government argues that reasonable minds could differ as to the sufficiency of detail provided by the ALJ in

explaining his symptom testimony finding. But, as the Court noted in its order remanding the case, "[t]he ALJ failed to discuss which aspects of Plaintiff's testimony were found not credible and instead outlined the medical record without relating it to Plaintiff's symptom testimony." (Doc. 23 at 8.) The government's response does nothing to show that its position was substantially justified regarding this error. Instead, the government merely reiterates that the ALJ properly discounted Plaintiff's physician's opinion based on the medical evidence and that reasonable minds could differ regarding the sufficiency of detail provided by the ALJ. The Court disagrees with these contentions. The government fails to explain why its position was substantially justified when the ALJ failed to explain which aspects of Plaintiff's testimony were found not credible. Accordingly, the Court finds that the government's position was not substantially justified.

### B. Special Circumstances

The EAJA also allows the government to avoid paying attorney's fees to the prevailing party if "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). However, the government does not show or argue that there are special circumstances here which would make an award unjust. Thus, this provision does not prevent an award of attorney's fees.

### C. Attorney Fees for Instant Motion

Plaintiff also argues that he is entitled to attorney's fees for preparation of his Motion for Attorney's fees. (Doc. 30 at 7.) Plaintiff's counsel requests his hourly rate of $207.78 for 5 hours for the time he spent working his Motion for Attorney's fees and response ($1,038.90 total). (Doc. 30 at 7–8.) The Court will grant Plaintiff's request for attorney's fees incurred while briefing this Motion and its corresponding Reply.

///
///
///
///
///

IV. CONCLUSION

Accordingly,

**IT IS ORDERED** granting Plaintiff's Motion and awarding attorney's fees in the amount of $11,032.79.[1]  (Doc. 25.)

Dated this 2nd day of February, 2022.

_____
Honorable Susan M. Brnovich
United States District Judge

---

[1] The Court notes that the government does not contest the amount of attorney's fees requested.

- 5 -